# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 53408

| | |
|---|---|
| ERIC R. CLARK, | ) |
| | ) Filed: August 3, 2026 |
| Plaintiff-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CONNER ANDERSON, individually, | ) OPINION AND SHALL NOT |
| and as an agent for Endurance Plunge | ) BE CITED AS AUTHORITY |
| Co.; and ENDURANCE PLUNGE CO., | ) |
| | ) |
| Defendants-Respondents. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Adam Dingeldein, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment awarding damages for breach of contract, <u>reversed</u> and <u>case remanded</u>.

Erik R. Clark, Boise, pro se appellant.

Conner Anderson and Endurance Plunge Co., respondents did not participate on appeal.

_____

MELANSON, Judge Pro Tem

Eric R. Clark appeals from a decision of the district court, on intermediate appeal from the magistrate court, affirming a judgment awarding damages for breach of contract. We reverse the district court's decision and remand the case.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Clark purchased a cold-plunge kit from Endurance Plunge Co., a Texas-based company operated by Conner Anderson. Endurance Plunge Co. advertised a "30-day no questions asked after installation" refund policy, which Clark relied on in purchasing the product for $2,250. After

1

receiving and installing the system, Clark became dissatisfied with the product and coordinated its return. Anderson later confirmed receipt of the returned system and represented that Clark's payment would be refunded. Endurance Plunge Co. did not issue the refund despite repeated requests and despite acknowledging receipt of the returned product in good condition. Clark subsequently filed suit in magistrate court asserting claims arising from the transaction, including breach of contract and fraud. Endurance Plunge Co. and Anderson were personally served in Texas but did not appear in the action.

Thereafter, Clark moved to amend his complaint pursuant to I.C. § 6-1604 to add a claim for punitive damages. In support of the motion, Clark submitted a memorandum; sworn declaration; and documentary exhibits, including the written refund policy, proof of purchase, and communications concerning the return and promised refund. Clark argued the evidence established a reasonable likelihood of proving fraudulent conduct sufficient to support punitive damages.

The magistrate court denied the motion to amend. In its ruling, the magistrate court summarized Clark's argument that Endurance Plunge Co.'s failure to honor its refund agreement constituted fraud and therefore justified punitive damages. However, the magistrate court concluded the matter appeared to be a breach of contract dispute and stated that whether fraud occurred remained "an open question" and that the magistrate court did "not feel that punitive damages are appropriate." The magistrate court further characterized the allegations as "far from unusual or compelling." Clark thereafter sought review in the district court, which upheld the magistrate court's order denying the motion to amend and affirmed the judgment awarding damages for breach of contract. Clark appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's

2

findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

A trial court's ruling on a motion to amend a complaint to add a claim for punitive damages is reviewed for an abuse of discretion. *Parks v. Safeco Ins. Co. of Illinois*, 160 Idaho 556, 561, 376 P.3d 760, 765 (2016).

## III.

## ANALYSIS

Clark argues the magistrate court abused its discretion by denying his motion to amend to add a claim for punitive damages under I.C. § 6-1604. Specifically, Clark contends the magistrate court applied an incorrect legal standard by requiring proof that fraud had occurred and by relying on whether the allegations were "unusual or compelling." Clark further argues he submitted admissible evidence establishing a reasonable likelihood of proving facts sufficient to support punitive damages. Clark also asserts the district court erred in affirming the magistrate court's ruling. No respondents' briefs have been filed.

A party seeking to amend a pleading to add punitive damages must establish a "reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." I.C. § 6-1604(2). The trial court's role at the motion-to-amend stage is to weigh the evidence and determine if "there is a reasonable probability of having 'enough' admissible evidence to support a claim requesting punitive damages. 'Sufficient' evidence in this context means that there must be 'substantial' evidence." *Davis v. Blast Props., Inc.*, 174 Idaho 37, 40-42, 551 P.3d 706, 709-11 (2024).

The magistrate court concluded the matter "appears to be [a] breach of contract case," stated that whether fraud occurred remained "an open question," and characterized the allegations as "far from unusual or compelling." Clark argues these conclusions demonstrate the magistrate court required more than the statutory showing for an amendment to allege punitive damages. We agree.

Idaho Code Section 6-1604 does not require a plaintiff to conclusively establish fraud at the motion-to-amend stage. Rather, the statute requires only a showing of a reasonable likelihood of proving facts sufficient to support punitive damages at trial. I.C. § 6-1604(2). The magistrate court's conclusions indicate it did not apply the correct "substantial evidence" standard in denying

the motion to amend but, rather, evaluated whether Clark had already proven fraud rather than whether he had presented admissible evidence that, if believed, could support punitive damages. Idaho Code Section 6-1604(2) requires the trial court to carefully examine the evidence submitted and the arguments made "to determine whether there is a 'reasonable probability' that the evidence submitted is (1) admissible at trial; and (2) 'sufficient' to support an award of punitive damages." *Davis*, 174 Idaho at 43, 551 P.3d at 712. Moreover, the "sufficiency" of the evidence presented "must be substantial." *Id*. The magistrate court's reliance on whether the facts were "unusual or compelling" further reflects application of a standard not found in I.C. § 6-1604. Accordingly, the magistrate court erred by applying a legal standard inconsistent with I.C. § 6-1604.

Clark submitted a sworn declaration and documentary evidence, including Endurance Plunge Co.'s written refund policy, proof of purchase, and communications concerning the return and promised refund. Under I.C. § 6-1604, the magistrate court was required to determine whether Clark's evidence, if believed, established a reasonable likelihood of proving facts sufficient to support punitive damages. The magistrate court applied an incorrect legal standard in evaluating Clark's motion to amend. The district court erred in affirming the magistrate court's order. Because resolution of this issue is dispositive, we need not address Clark's remaining arguments on appeal.

## IV.

## CONCLUSION

The magistrate court applied an incorrect legal standard in denying Clark's motion to amend to add a claim for punitive damages under I.C. § 6-1604. Accordingly, the district court's appellate decision is reversed, and the case is remanded for further proceedings.

Judge LORELLO and Judge FLEMING, **CONCUR**.

4